**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2298
_____

CLASFORD DENNIS GREEN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A024-319-145)
Immigration Judge: Honorable William Strasser
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 13, 2011

Before:  SCIRICA, SMITH and VANASKIE, Circuit Judges

(Opinion filed: May 25, 2011)
_____

OPINION
_____

PER CURIAM

Clasford Green petitions for review of a final order of removal entered by the

Board of Immigration Appeals ("BIA"), which dismissed his appeal of an immigration

judge's ("IJ") denial of his motion to reopen removal proceedings.  For the following

1

reasons, we will deny the petition for review.

Green is a native and citizen of Jamaica. He entered the United States without inspection in 1982, when he was thirty-three years old. In March 1987, he was charged with being removable pursuant to what was then 8 U.S.C. § 1251(a)(11) (alien convicted of knowingly and intentionally possessing a controlled substance).[1] The basis for this charge was a 1986 drug-related conviction.

At a hearing before the IJ, Green claimed that he was an American citizen. He argued that his mother had immigrated to the United States when he was a teenager. He did not accompany her. At some point, she became a naturalized citizen. The IJ rejected this derivative-citizenship argument because Green was born before his mother became a naturalized citizen and he did not enter the United States before his eighteenth birthday. See 8 U.S.C. § 1432 (requiring , inter alia, that the alien child reside permanently in the United States while under the age of eighteen) (repealed 2000). The IJ found that Green was removable and, concluding that Green had no other basis for relief, ordered him removed to Jamaica. In May 2000, the BIA rejected Green's derivative-citizenship claim and affirmed the IJ's decision.

In December 2008, Green filed a pro se motion to reopen, raising ineffectiveness claims against two of his former attorneys. The BIA denied the motion to reopen as untimely and added that, to the extent that Green attempted to raise an ineffectiveness claim, he had not complied with Matter of Lozada, 19 I&N Dec. 637 (BIA 1988).

In March 2009, Green filed a second motion to reopen, arguing that he had

---

[1] This provision now appears at 8 U.S.C. § 1227(a)(2)(B)(i).

2

complied with Lozada and that counsels' ineffectiveness was the cause of the motion's untimeliness. The BIA denied the motion as untimely and number barred. It further declined to sua sponte reopen the proceedings. Green petitions this Court for review.

We have jurisdiction to hear this appeal under 8 U.S.C. § 1252(a)(1).[2] We review denials of motions to reopen for abuse of discretion. Liu v. Attorney Gen., 555 F.3d 145, 148 (3d Cir. 2009). We will reverse only if the decision is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002) (citation and quotation marks omitted).

A motion to reopen must be filed no later than ninety days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. See 8 C.F.R. § 1003.2(c)(2). In addition, petitioners are typically barred from filing more than one motion to reopen. Id. The BIA entered its final administrative decision in May 2000, and Green filed his second motion to reopen in March 2009. Thus, the BIA did not abuse its discretion in denying Green's motion.

The BIA also rejected Green's argument that the untimeliness of his petition should be excused because of counsels' ineffectiveness. First, he claims that because counsel did not inform him of the BIA's May 2000 decision, he was not aware of the

---

[2]     The Government argues that we lack jurisdiction because Green's petition for review was untimely. The BIA rendered its decision on March 31, 2009. Green had thirty days, or until April 30, to file his petition. Although docketed on May 4, the petition is dated "___ of April 2009," and the certificate of service is dated April 29, 2009. Since Green is incarcerated and proceeds pro se, his petition is timely pursuant to the prison mailbox rule. See Arango-Aradondo v. INS, 13 F.3d 610, 612 (2d Cir. 1994) (finding that a petition for review was timely because the petitioner had "submit[ed] an affidavit verifying that he deposited his petition for review in [. . .] the [prison] mailbox").

status of his case until immigration officials attempted to deport him in October 2000. Green obtained new counsel the following month and instructed him to file a motion to reopen. Green claims that counsel filed the motion in the wrong court and, as a result, Green was deported in January 2001. Later that year, he reentered the country and "confronted counsel with an ineffective assistance claim." In 2004, after being arrested for illegally entering the country, he instructed new counsel to pursue his citizenship claim—the same claim that had already been rejected by the BIA. He claims that these circumstances entitle him to equitable tolling.

The time limit for filing a motion to reopen is subject to equitable tolling. Borges v. Gonzales, 402 F.3d 398, 406 (3d Cir. 2005). We have suggested that the same may apply to the numerical limit for motions to reopen. Luntungan v. Attorney Gen. of the United States, 449 F.3d 551, 557, n.15 (3d Cir. 2006). An ineffectiveness claim can serve as the basis for equitable tolling if the claim is substantiated and the petitioner exercised due diligence. Mahmoud v. Gonzales, 427 F.3d 248, 252 (3d Cir. 2005). Here, Green was aware of his ineffectiveness claim in 2001 but he did not file a motion to reopen until 2009. Thus, the BIA did not abuse its discretion in concluding that Green had not exercised the due diligence required for equitable tolling.

Finally, the BIA refused to sua sponte reopen the proceedings under 8 C.F.R. § 1003.2(a). We lack jurisdiction to consider a challenge to this decision unless the BIA "announces and follows—by rule or by settled course of adjudication—a general policy by which its exercise of discretion will be governed." Calle-Vujiles v. Ashcroft 320 F.3d 472, 475 (3d Cir. 2003) (quotations and citation omitted). Since those circumstances do

4

not apply here, we lack jurisdiction to review this decision.

Accordingly, we will deny the petition for review.